IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GIASEMI KARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-87-MJR-DGW |
| ) | |
| WILL SANDUSKY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for disposition of pretrial matters. For the reasons set forth below, it is **RECOMMENDED** that the action be **DISMISSED** in its entirety for failure to prosecute and failure to comply with the Court's orders, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff Giasemi Karnes, acting *pro se*, filed this lawsuit against Defendant Will Sandusky, the Hamilton County, Illinois, Sheriff, alleging that Sandusky used excessive force with a taser in detaining and arresting Karnes, causing her uncontrollable blood pressure problems and other bodily injury (Doc. 1). The Court assigned a December 2012 trial date on November 10, 2011, and sent written notice to Plaintiff Karnes at the address she provided to the Court (Doc. 11). The order was returned to the Court on November 21, 2011. The envelope was marked with the indicia, "Return to Sender; Unable to Forward" (Doc. 12). On December 2, 2011, the Court issued a notice setting a Scheduling and Discovery Conference for December 19, 2011 (Doc. 13).

This notice was also returned to the Court as undeliverable. A stamp on the envelope reads, "Moved Left No Address; Unable to Forward; Return to Sender" (Doc. 14). On December 16, 2011, Karnes filed a Motion to Continue the Scheduling and Discovery Conference (Doc. 16). She stated that she could not appear due to an impending surgery that would occur "as soon as the surgeon clears me for surgery." On the same date, Karnes filed a Notice of Change of Address (Doc. 17).

On December 19, 2011, Karnes contacted the Court by phone, indicating that she intended to appear, and was on her way, but would be late for the 2:30 hearing. The Court waited almost an hour for her to appear. Despite the statements to the Court that she was en route, Karnes never appeared for the December 19 conference. The Court held the conference without her, setting a discovery schedule. The Court also issued an Order to Show Cause ordering Plaintiff to show cause in writing by January 12, 2012, why she did not appear on December 19, 2011, as ordered (Doc. 19). Plaintiff did not respond to the order. On February 6, 2012, Defendant Sandusky filed a Motion to Compel, which informed the Court that Plaintiff had not responded to any of his discovery requests (Doc. 25). Karnes did not file a response to the Motion to Compel. On February 8, 2012, the Court issued a second Order to Show Cause (Doc. 26). The Court ordered Karnes to respond in writing by March 7, 2012, why the case should not be dismissed for failure to follow the Court's order to appear. The Court warned Plaintiff that failure to respond by the deadline would result in a Report and Recommendation to the District Judge that the case be dismissed.

## CONCLUSIONS OF LAW

A district court may dismiss *sua sponte* an action for failure to prosecute under Federal

Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). A district court also has the authority to dismiss an action as a sanction for failure to comply with an order of the court under Fed. R. Civ. P. 37(b)(2)(A)(v).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)). A judge "should not dismiss a case for failure to prosecute without due warning." *Kruger v. Patel*, 214 F.3d 784, 787 (7th Cir. 2000).

From the facts outlined above, the undersigned concludes that Plaintiff Giasemi Karnes has abandoned this lawsuit. Karnes has not communicated with the Court since December 19, 2011. Despite her knowledge of the hearing and representations to the Court that she was on her way, she did not appear on December 19, 2011. Further, she failed to respond to either of the Court's orders to show cause, in which she was directed to respond in writing by a date certain, and she has not produced any discovery requested by Defendant Sandusky. Plaintiff's failure to comply with

the Court's order to appear, failure to respond to the Court's orders to show cause, and failure to cooperate in discovery indicate she does not intend to continue the litigation. The Court concludes, therefore, that Plaintiff Giasemi Karnes has failed to timely prosecute this matter and has abandoned this lawsuit.

## CONCLUSION

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that the action be **DISMISSED** in its entirety for failure to prosecute the action and for failure to comply with the Court's orders, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 5, 2012**

*(signature)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**