IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GIASEMI N. KARNES,                    )
                                      )
                Plaintiff,            )
                                      )
v.                                    )          Case No. 11-CV-0087-MJR
                                      )
WILL SANDUSKY,                        )
                                      )
                Defendant.            )

MEMORANDUM AND ORDER

REAGAN, District Judge:

On January 28, 2011, Giasemi Karnes filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Will Sandusky, a Hamilton County, Illinois, sheriff's deputy.  Karnes alleged that Sandusky used excessive force against her and caused her bodily harm by tazing her three times in her back.

On April 5, 2012, Magistrate Judge Donald G. Wilkerson submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that this action be dismissed for failure to prosecute and failure to comply with the Court's Orders (Doc. 27). The Report's recitation of the record in this matter shows a clear failure to prosecute that amounts to abandonment of the case.

The Report finds that Karnes has not communicated with the Court since December 19, 2011.  At that time, despite her knowledge of the December 19 scheduling hearing and her telephonic representations to the

1

Court that she was on her way to the hearing, she did not appear. The Report also finds that Karnes failed to respond to the Court's orders to show cause, which directed her to respond in writing by a date certain (Docs. 19, 26), and she has not produced any discovery requested by Defendant Sandusky (Docs. 25, 26).

The Report concludes that Plaintiff's failure to comply with the Court's order to appear, failure to respond to the Court's orders to show cause and failure to cooperate in discovery indicate that she does not intend to prosecute this matter and has abandoned this lawsuit.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report.  To date, neither party has filed objections.  The period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 27) in its entirety and **DISMISSES** this action **with prejudice**.  ***See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc*. 201 F.3d 948, 950 (7th Cir. 2000),** *citing* **FED. R. CIV. P. 41(b) (Dismissal for a failure to prosecute an action or to comply with court orders operates as an adjudication upon the merits).**  This case is now closed.

IT IS SO ORDERED.

DATED this 27th day of April, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge